**PRIOR v. SCHUMAN et al.**

United States District Court
S. D. New York.
June 2, 1952.

Emmett M. King, New York City, John C. Corbett, Brooklyn, of counsel, for plaintiff.

Stern & Reubens, New York City, Arthur E. Farmer, New York City, of counsel, for defendants Schuman.

Beekman & Bogue, New York City, Edward K. Hanlon, New York City, of counsel, for defendant Count.

### S. H. KAUFMAN, District Judge.

This is an action for damages and equitable relief based upon defendants' alleged infringement of plaintiff's common law copyright in an unpublished manuscript dealing with the history and origin of the Christmas tree. Plaintiff is a citizen of Illinois, defendants are citizens of New York. Jurisdiction is predicated upon diversity of citizenship.

In July 1946 defendant Schuman received from plaintiff a letter stating that she had completed a manuscript on The History and Origin of the Christmas Tree and asking whether Schuman would be interested in publishing a work of that kind. Schuman expressed a willingness to see the manuscript and plaintiff forwarded it to him. Schuman thought that the "book possibilities" of the manuscript were excellent, but suggested certain revisions.

The first manuscript, little more than an outline, was expanded and revised by plaintiff and persons in the employ of defendants in an effort to put it into a form suitable for publication. One of the revisions was sent to defendant Count, a professor of anthropology at Hamilton College, for corrections and for a critical evaluation. Further revisions of the manuscript were made, one of them by Count, but none of the revised versions was found to be satisfactory to all the parties concerned. Finally, plaintiff withdrew her manuscript and Count was requested by Schuman to write an entirely new work. This manuscript of Count, a history of Christmas, bearing the title, "4000 Years of Christmas", was completed in September 1948 and was published by Henry Schuman, Inc., in November of that year.

There is no issue in this case as to whether defendants had access to plaintiff's work. Clearly, they had such access. Furthermore, there is no doubt that the germ of the idea behind the writing of Count's history of Christmas was found in plaintiff's manuscripts. Therefore, the only question presented for determination is whether the publication of the book "4000 Years of Christmas", written by Count and published by defendant Henry Schuman, Inc., constituted an improper appropriation by them of the work of plaintiff.

To aid in the determination of the question of plagiarism, plaintiff has submitted a "schedule of comparisons" in which passages from her manuscripts are placed beside passages from defendant Count's book. A careful reading of these passages and an independent comparison of the manuscripts and the book have failed to disclose sufficient evidence of similarity to warrant the inference that the book was copied from plaintiff's manuscripts. The only similarity between plaintiff's manuscript and defendants' book is that they both deal with the idea of the celebration of the Christmas holiday during various periods and in many lands. It is probable that plaintiff and defendant Count derived much of their material from the same sources.

It is a fundamental principle of copyright law that "a copyright never extends to the 'idea' of the 'work,' but only to its 'expression,' and that no one infringes, unless he descends so far into what is concrete as to invade that 'expression.'" National Comics Publications, Inc., v. Fawcett Publications, Inc., 2d Cir., 1951, 191 F.2d 594, 600. In the present case, while similarity of idea exists, there is no similarity of expression. Judgment must, therefore, be for defendants.

This memorandum shall be deemed to be the findings of fact and conclusions of law. If further findings or conclusions are desired, they may be submitted.

Submit judgment in conformity herewith.